IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIE NASH,

                Plaintiff,                ORDER

v.

                                        17-cv-923-wmc

RICHARD NYBAKKE and
JOHN DOE,

                Defendants.

*Pro se* plaintiff Willie Nash is proceeding in this lawsuit against defendant Captain Nybakke on a claim related to his right to visitation from his mother. On November 14, 2019, the court issued an order (1) dismissing the Doe defendant for Nash's failure to identify that defendant by the September 27, 2019, deadline, and (2) setting December 5, 2019, as Nash's deadline to oppose defendant Richard Nybakke's motions for summary judgment and to dismiss this case for lack of prosecution. (11/14/2019 Order (dkt. #31) 2.) On December 2, 2019, Nash file a letter, explaining that he never received a letter from the Attorney General about the identity of the Doe defendant and he only received the court's orders on November 26, 2019. (Dkt. #32.) Construing Nash's letter as requests for reconsideration of the Doe dismissal and an extension of the December 5, 2019, deadline, the court will give him a brief window of time to avoid dismissal of this lawsuit.

Starting with the Doe defendant dismissal, while it appears Nash still would like to proceed against this defendant, as explained in the preliminary pretrial conference order, it is *Nash's* obligation to conduct discovery to identify this defendant. (Prelim. Pretrial Conf. Order (dkt. #24) 4-5.) Nash has not provided any details about the efforts he has undertaken to identify the Doe defendant. While he states that he has not heard from the Attorney General about this defendant's identity, he does not represent that he actually sent a discovery request related to the identify of this defendant prior to the September 27, 2019, deadline. As such,

the court sees no basis to reconsider the dismissal of this defendant. However, if Nash omitted information about the efforts he took prior to the September 27, 2019, deadline, he may renew his motion for reconsideration, provided that he does so by **December 20, 2019.**

As for Nash's representation that he did not receive this court's order until November 26, 2019, Nash still does not explain why he did not attempt to respond to defendant's motions by the December 5 deadline. This is Nash's lawsuit to litigate, and his letter does not suggest that he has made any effort to actually review defendant's dispositive motions. Nonetheless, the court will give Nash *one more chance*, until **December 20, 2019,** to respond substantively to defendant's motions to dismiss and for summary judgment. Nash's failure to meet this new deadline will cause the court to grant defendant's motions as unopposed and dismiss this lawsuit with prejudice for failure to prosecute.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for reconsideration and for extension of time (dkt. #32) is GRANTED in part and DENIED in part as provided above.

2) Plaintiff may have until **December 20, 2019,** to (1) renew his motion for reconsideration as to the John Doe defendant's dismissal, providing the information described above; and/or (2) respond to defendant's motion for summary judgment and motion to dismiss. **If Nash does not respond by that date, the court will dismiss his claims with prejudice for failure to prosecute.**

Dated this 6th day of December, 2019.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge